IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ERIC PARK STEVENS, #83318,
A/K/A ERIC STEPHON STEWART                                    PLAINTIFF

VS.                                     CIVIL ACTION NO. 2:04cv200-KS-RHW

RONALD KING, BOBBY KING,
VICTOR DELLEGO, JAMES
BREWER AND JERRY WELCH                                        DEFENDANTS

ORDER REJECTING THE MAGISTRATE JUDGE'S
RECOMMENDATION AND GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

On this day the Court considered the Report and Recommendation of the United States

Magistrate Judge Robert H. Walker filed March 2, 2006, regarding a civil rights complaint made

by the Plaintiff, Eric Park Stevens ("Stevens"), pursuant to 42 U.S.C. § 1983.  He alleges that the

prison officials at South Mississippi Correctional Institute ("SMCI") were deliberately indifferent

to a serious medical condition and prescribed medication which allegedly caused an allergic

reaction.  The Report and Recommendation was objected to by Defendants and the Court finds

that said report should not be accepted and the Summary Judgment Motion filed by Defendants is

**sustained** for the following reasons.

FACTUAL BACKGROUND

It is undisputed that Stevens suffers from a psychiatric condition for which he was being

treated while incarcerated. On October 29, 2003, he was transferred from the Central Mississippi

Correctional Facility ("CMCF") to SMCI. According to medical records at CMCF Stevens is

allergic to the medication Risperidal.  The first medical record was an intake form taken by an

1

LPN at CMCF on October 13, 2003.  Likewise on October 21, 2003, and October 28, 2003, there were notes made by a mental health therapist and an LPN that Stevens is allergic to Risperidal. On notes reported by nurses on March 19, 2004, March 30, 2004,  March 11, 2004, and March 31, 2004, Stevens reported that he had no known allergies.  The second reports were made after he had been transferred to SMCI.

Shortly after the transfer to SMCI, Stevens was given Risperidal, two milligrams twice per day, and records were furnished indicating that he received these medications in November and December of 2003, and in January of 2004. There were sick call requests made by Stevens, with the first request being dated December 10, 2003, when he stated that the present medication (Risperidal, two milligrams twice a day) was too strong and that he wanted back on his original medication.  In March of 2004, Stevens complained of adverse side affects and, again, requested a change of medication from the Risperidal. In the May 29, 2004, sick call request when he requested to have his medication changed, he referred to the medication by name and he obviously knew what he was being given.  A medication change was made and he was ultimately removed from the Risperidal.

The Defendants submitted an affidavit from Dr. Welch which states that Stevens was prescribed Risperidal when he entered SMCI on October 29, 2003, because of a history of schizophrenic behavior. Dr. Welch further states that even though Stevens had seen medical personnel numerous times, the only complaint he received from Plaintiff regarding Risperidal was on the March 29, 2004, sick call request and that Stevens was examined by Dr. Welch on March 30th and the Risperidal dosage was cut in half to two milligrams once per day.  Finally, on May 6, 2004, Dr. Gail R. Williams, a psychiatrist, interviewed the Plaintiff and he complained to

2

her about Risperidal and he was ultimately removed from the Risperidal and prescribed Haldol and Cogentin.  Dr. Williams affidavit also states that "Plaintiffs concerns about Risperidal seem to be based on fear with no evidence of allergy or somatic damage."

<u>APPLICABLE LAW</u>

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where "the summary judgment evidence established that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law,... all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct. at 2252." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determination of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on this motion.  *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the Court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian* 954 F.2d at 1131.  "Rule 56 contemplates a shifting burden: the non-movant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of LA*, 757 F.2d 698, 708 (5th Cir. 1985).  "Summary judgment cannot be supported

solely on the ground that plaintiff failed to respond to defendants' motion for summary judgment." *Id.* at 709.  However, once a properly supported motion for summary judgment is presented, the non-moving party must rebut with "significant probative" evidence.  *Ferguson v. National Broad. Company, Inc.*,  584 F.2d 111, 114 (5th Cir. 1978).

<u>ANALYSIS</u>

In this case the plaintiff alleges that the defendants demonstrated "deliberate indifference" to a serious medical need by prescribing Risperidal.  A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825 114 S.Ct. 1970 128 L.Ed. 2d 811.  However, the officials may be held accountable only if they know that the inmate faces a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it. *Id.*  Deliberate indifference entails something more than negligence, but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.  Thus, it is the equivalent of acting recklessly.  The Eighth Amendment outlaws punishments, not conditions, but it is a violation of the Eighth Amendment to hold an inmate without ensuring that he receives adequate medical care. *Id.*

As previously stated, it is undisputed that the medical records that were transferred to SMCI from CMCF showed that the plaintiff reported that he was allergic to Risperidal. Assuming *arguendo* that the prison officials were aware that plaintiff believed himself to be allergic to Risperidal, there is no evidence that Dr. Welch believed plaintiff to be allergic to Risperidal.  Dr. Welch treated him over five months with Risperidal without any complaint from Stevens. A showing of deliberate indifference requires a showing that the official was

4

subjectively aware of the risks and there must be evidence of a subjective intent to cause harm.

*Wagner v. Bay City, Tex.*, 227 F.3d 316, 325 (5th Cir. 2000).

The Supreme Court in *Farmer* articulated the following test:

> A prison official cannot be found liable...unless the official knows
> of and disregards an excessive risk to inmate health and safety; the
> official must both be aware of facts from which the inference could
> be drawn that a substantial risk of serious harm exists, and he must
> also draw the inference.... an official's failure to alleviate
> significant risks that he should have perceived but did not, while
> no cause of commendation, cannot under our cases be condemned
> as the infliction of punishment to sustain a finding of deliberate
> indifference. *Farmer*, 511 U.S. at 827.

It is assumed that Dr. Welch knew that plaintiff claimed to be allergic to Risperidal, but he prescribed it anyway. This may be malpractice or negligence, but without a showing of intent to harm, there is no violation of the Eighth Amendment. It should also be pointed out that there are other indications in the medical records that the plaintiff had no allergies. This, likewise, was reported by him when he applied for treatment. The doctor was at least faced with conflicting evidence regarding the allergy. The medication was prescribed monthly and there are charts in the record furnished by the plaintiff indicating that the prescription was given as prescribed. Plaintiff also continued to see the doctor.

The fundamental rule is that negligence, or even gross negligence, cannot be the basis of a claim pursuant to 42 U.S.C. § 1983. *Hare v. City of Corinth, MS*, 74 F.3d 633, 645 (5th Cir. 1996). Moreover, medical malpractice, or even gross medical malpractice, does not rise to the requisite level for "deliberate indifference." Records further indicate that once the complaints began from plaintiff, the medication was reduced and ultimately the prescription was changed.

<u>CONCLUSION</u>

5

In a summary judgment motion facts are taken in the light most favorable to the non-moving party.  It is therefore presumed that the defendants were on notice of plaintiffs allergy to Risperidal.  Prescribing a medication while on notice of an allergy to same is malpractice. Malpractice is not a violation of the Eighth Amendment. The plaintiff has totally failed to show "deliberate indifference," recklessness or intent to harm.  The affidavits and records submitted by the defendants shift the burden to the non-moving party to rebut with "significant probative" evidence of a constitutional violation.  He has not done that and, consequently, the Motion for Summary Judgment is hereby **sustained.**

<u>ORDER</u>

IT IS THEREFORE ORDERED AND ADJUDGED that the complaint filed herein be and the same is hereby dismissed with prejudice. A Judgment under Rule 58 will be entered accordingly.

SO ORDERED AND ADJUDGED on this, the <u>28th</u> day of April, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE