IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


ERIC PARK STEVENS

V.                                                    CIVIL ACTION # 2:04cv200-KS-RHW

RONALD KING, et al.


### MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Defendants' motion for summary judgment [# **62**].

Because the Plaintiff has failed to prove the existence of any genuine issue of material fact, the

Defendants' motion for summary judgment is **granted**.


### FACTUAL BACKGROUND

Eric P. Stevens ("Plaintiff") alleges that he was denied proper medical care by prison

officials Ronald King and James Brewer ("Defendants") in violation of his constitutional rights.

In the Court's April 28, 2006, order rejecting the magistrate judge's recommendation and

granting summary judgment, the Court found the following facts reproduced below.

> It is undisputed that Stevens suffers from a psychiatric condition for which he was being treated while incarcerated. On October 29, 2003, he was transferred from the Central Mississippi Correctional Facility ("CMCF") to SMCI. According to medical records at CMCF Stevens is allergic to the medication Risperidal. The first medical record was an intake form taken by an LPN at CMCF on October 13, 2003. Likewise on October 21, 2003, and October 28, 2003, there were notes made by a mental health therapist and an LPN that Stevens is allergic to Risperidal. On notes reported by nurses on March 19, 2004, March 30, 2004, March 11, 2004, and March 31, 2004, Stevens reported that he had no known allergies. The second reports were made after he had been transferred to SMCI.

> Shortly after the transfer to SMCI, Stevens was given Risperidal, two milligrams twice per day, and records were furnished indicating that he received these medications in November and December of 2003, and in January of 2004. There were sick call requests

1

made by Stevens, with the first request being dated December 10, 2003, when he stated that the present medication (Risperidal, two milligrams twice a day) was too strong and that he wanted back on his original medication. In March of 2004, Stevens complained of adverse side affects and, again, requested a change of medication from the Risperidal. In the May 29, 2004, sick call request when he requested to have his medication changed, he referred to the medication by name and he obviously knew what he was being given. A medication change was made and he was ultimately removed from the Risperidal.

The Defendants submitted an affidavit from Dr. Welch which states that Stevens was prescribed Risperidal when he entered SMCI on October 29, 2003, because of a history of schizophrenic behavior. Dr. Welch further states that even though Stevens had seen medical personnel numerous times, the only complaint he received from Plaintiff regarding Risperidal was on the March 29, 2004, sick call request and that Stevens was examined by Dr. Welch on March 30 and the Risperidal dosage was cut in half to two milligrams once per day. Finally, on May 6, 2004, Dr. Gail R. Williams, a psychiatrist, interviewed the Plaintiff and he complained to her about Risperidal and he was ultimately removed from the Risperidal and prescribed Haldol and Cogentin. Dr. Williams affidavit also states that "Plaintiffs concerns about Risperidal seem to be based on fear with no evidence of allergy or somatic damage."

The Court previously granted summary judgment in favor of Defendants Bobby King and Jerry Welch. Because Defendants James Brewer and Ronald King remained parties to the action, an appeal by the Plaintiff was dismissed as untimely, and the case was reopened on July 26, 2007. The remaining Defendants Brewer and King have moved for summary judgment on the claims asserted against them by Stevens.

Defendant Brewer is employed as the warden of the South Mississippi Correctional Institute ("SCMI"). In his complaint, the Plaintiff claims that Defendant Brewer had the "administrative power to intervene" and prevent harm the Plaintiff claims to have suffered while incarcerated. The Amended Complaint further alleges that Defendant Brewer had a "culpable" and "carnal [sic] state of mind" and that his "non-action or intervention" caused the Plaintiff substantial pain and suffering.

Defendant King is employed as the Superintendent of SMCI. The Plaintiff's claims against Defendant King are exclusively derivative, and are based wholly on the theory that

Defendant King "has direct and indirect accountability of state prisoners under his care." The Plaintiff states no other cause of action against Defendant King, and makes no additional allegations against Defendant King to establish further liability.

In his response to the motion for summary judgment, the Plaintiff offers no additional argument on his theories of recovery. He has, however, resubmitted a number of documents for the Court to review. Pertaining to Defendant King, Stevens submitted the "Second Step Response Form," showing that Defendant King had "investigated" the Plaintiff's claims and had found "no truth" in Stevens's accusations. No documents or evidence was submitted by the Plaintiff to establish any claims against Defendant Brewer. Defendant King and Defendant Brewer have not submitted any additional evidence in support of their motion, so the Court will look to the record as developed over the three years in the history of this litigation to determine if they have carried their burden under the summary judgment standard.

When this Court granted a motion for summary judgment filed by the two prior defendants, it found the following in regard to the Plaintiff's claims:

> In a summary judgment motion facts are taken in the light most favorable to the nonmoving party. It is therefore presumed that the defendants were on notice of plaintiffs allergy to Risperidal. Prescribing a medication while on notice of an allergy to same is malpractice. Malpractice is not a violation of the Eighth Amendment. The plaintiff has totally failed to show "deliberate indifference," recklessness or intent to harm. The affidavits and records submitted by the defendants shift the burden to the non-moving party to rebut with "significant probative" evidence of a constitutional violation. He has not done that and, consequently, the Motion for Summary Judgment is hereby sustained.

Because both Defendant King and Defendant Brewer remain parties to this action, the Court now considers their joint motion for summary judgment based on the record before it.

STANDARD OF REVIEW

3

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir 2004).

If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003). The nonmovant is not entitled to merely rest on her pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ.*, 485 F.3d 325, 331 (5th Cir. 2007). A motion for summary judgment cannot be granted simply because the opposing party has failed to respond. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1995). The movant still carries the burden of establishing the absence of any genuine issue of material fact. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995).

<u>ANALYSIS</u>

The Plaintiff attempts to premise liability for both Defendant Brewer and Defendant King

on their administrative positions within the prison system.[1]  But a claim under 42 U.S.C. § 1983 against Defendant King or Defendant Brewer cannot be premised under either repondeat superior or vicarious liability. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). To prevail, Stevens must show the Defendants were either personally involved in the constitutional violations or that their acts are causally connected to the constitutional violations alleged; it is not enough to allege that government officials with no direct contact with a plaintiff were responsible for acts of their subordinates. *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999).

Even if Defendant Brewer or Defendant King possessed the administrative power to intervene on behalf of prisoners, the existence of the power does not automatically impute liability. *See Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002) (applying deliberate indifference standard by "focusing on specific employees" and not "to the collective knowledge and collective response of the jail medical staff as a whole.").  On review of the record before it, this Court has already found that even if the treating physicians were negligent, that negligence did not amount to their "deliberate indifference" to the Plaintiff's medical needs.  There is no evidence that either Defendant King or Defendant Brewer were personally involved in the Plaintiff's medical care.  With no evidence indicating that Defendant Brewer or Defendant King had any direct involvement in the treatment decisions at issue, there is no way a reasonable jury could find their actions violated the rights of Stevens. *See Wagner v. Bay City, Tex.*, 227 F.3d 316, 325 (5th Cir. 2000).

The Plaintiff also attempts to make out a direct Eighth Amendment claim against the

---

[1]In his Amended Complaint, Stevens traces the "administrative chain of comman [sic]" and alleges that Defendant King has "direct and indirect accountability of the state prisoners under his care."  The complaint also alleges that Defendant Brewer's "non-action (or) intervention caused" the pain that the Plaintiff alleges he suffered.

Defendants.[2]  To the extent that Stevens asserts any Eighth Amendment claim against Defendant

Brewer or Defendant King, he must again show that either defendant personally acted with

deliberate indifference to his health or safety. *Burleson v. Tex. Dept. of Criminal Justice,* 393

F.3d 577, 589 (5th Cir 2004). To establish that claim, Stevens must show that the officials (1)

were aware of facts from which an inference of excessive risk to the prisoner's health or safety

could be drawn and (2) that they actually drew an inference that such potential for harm existed.

*Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). The crucial question in determining an

Eighth Amendment claim "is whether the prison official, acting with deliberate indifference,

exposed a prisoner to a sufficiently substantial risk of serious damage to his future health."

*Farmer v. Brennan*, 511 U.S. 825, 843 (1994).

        The record is bare as to how either Defendant Brewer or Defendant King demonstrated

awareness of any excessive risk to Stevens's health, or how they actually drew the inference that

the potential for harm existed.  Although Stevens submitted evidence that Defendant King

rejected one of his grievance forms in December of 2004, that rejection does not itself establish

negligence, much less deliberate indifference by Defendant King. *See Thompson v. Upshur

County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001) (requiring a showing that "the official's response

indicates the official subjectively intended the harm to occur.").  The same analysis applies for

Defendant Brewer, as no evidence has been submitted to establish that Defendant Brewer was

aware of the relevant facts, or that he drew the inference that the potential for harm existed.

---

[2]In his petition, Stevens asserts that his denial of medical services was for a "penological purpose that is outside the sentencing order of a lawful court."  The Court interprets this as a claim that his Eighth Amendment rights were violated.

## CONCLUSION

The Plaintiff in this action has not met his burden of proving any genuine issue of material fact exists to support his claims against Defendants King and Brewer.  Because he has not produced sufficient evidence to raise an issue for the jury, his claims cannot survive summary judgment.

IT IS THEREFORE ORDERED AND ADJUDGED that the Defendants Motion for Summary Judgment [# **62**] is **granted**.

SO ORDERED AND ADJUDGED this 27th day of August, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE